**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**FROEDTERT MEMORIAL LUTHERAN HOSPITAL,**
        Plaintiff,

    v.                                          Case No. 05C0351

**DONNA FOX,**
        Defendant and
        Third-Party Plaintiff,

    v.

**SENTRY LIFE INSURANCE COMPANY,**
        Third-Party Defendant.

---

## DECISION AND ORDER

In May 2001, Donna Fox ("Fox") sustained injuries in an automobile accident. A flight-for-life helicopter transferred her from the accident scene to Froedtert Memorial Lutheran Hospital ("Froedtert"). Subsequently, Fox became involved in a dispute with her health insurer, Sentry Life Insurance Company ("Sentry"), about payment of her medical bills, which resulted in her suing Sentry in Dodge County Circuit Court. Fox and Sentry settled the suit by entering into a stipulation which, according to Fox, required Sentry to pay most of her bills. Subsequently, Sentry informed Froedtert that it had mistakenly paid Fox's flight-for-life bill, and Froedtert reimbursed Sentry and billed Fox. Fox declined to pay, and Froedtert sued her for payment in Milwaukee County Circuit Court. Fox brought a third-party action against Sentry alleging that it had breached both the stipulation settling the

Dodge County case and its fiduciary duty to her as an insured. Sentry removed the action, and Fox now moves to remand.

Sentry argues that it was entitled to remove the case under both 28 U.S.C. § 1441(a) and 28 U.S.C. § 1441(c). Section 1441(a) authorizes "the defendant or the defendants" to remove "any civil action brought in a state court of which the district courts . . . have original jurisdiction," and § 1441(c) authorizes removal where "a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 . . . is joined with one or more otherwise non-removable claims or causes of action." Thus, § 1441(a) authorizes only "the defendant or the defendants" to remove, whereas § 1441(c) contains no such textual limitation. Although courts have persuasively argued that the phrase "the defendant or the defendants" includes third-party defendants, see, e.g., Ford Motor Credit Co. v. Aaron-Lincoln Mercury, Inc., 563 F. Supp. 1108, 1113 (N.D. Ill. 1983), the Seventh Circuit has rejected that construction of § 1441(a). In Thomas v. Shelton, 740 F.2d 478, 482 (7th Cir. 1984), the court rejected a third-party defendant's attempt to remove under § 1441(a) because the original action "was not within the original jurisdiction of any federal district court" and "federal jurisdiction depends on the allegations of the complaint rather than on issues that come in later." Thus, Thomas forecloses Sentry's reliance on § 1441(a).

In invoking § 1441(c), Sentry also runs up against Thomas. Although it did not "adopt a universal and absolute rule," the Thomas court stated with respect to § 1441(c) that "in the broad run of third-party cases . . . the third-party defendant cannot remove the case." Id. at 487. Other courts have interpreted § 1441(c) differently, see, e.g., Carl Heck Eng'rs, Inc. v. Lafourche Parish Police Jury, 622 F.2d 133 (5th Cir. 1980), and thoughtful

2

commentators have argued that the Thomas court's reasoning is flawed. See, e.g., Michael Massengale, Riotous Uncertainty: A Quarrel with the "Commentators' Rule" Against Section 1441(c) Removal for Counterclaim, Cross-Claim, and Third-Party Defendants, 75 Tex. L. Rev. 659 (1997); see also Richard H. Fallon Jr., Daniel J. Meltzer & David R. Shapiro, Hart & Wechsler's The Federal Courts & the Federal System 1547 n.2 (5th ed. 2003) (stating that Massengale argues persuasively that § 1441(c) as amended in 1990 should be interpreted to allow removal by parties other than original defendants, e.g., by a person against whom a counterclaim or third-party claim has been made). However, I am constrained by Seventh Circuit precedent, and Sentry presents no reason to treat the case as being outside the "broad-run of third-party cases." Thomas, 740 F.2d at 487.

Thus, I will grant Fox's motion to remand.

Pursuant to 28 U.S.C. § 1447(c), Fox requests that I order Sentry to reimburse her for the costs and attorneys' fees that she incurred in opposing removal. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award of fees and costs under § 1447(c) is within the discretion of the court. Tenner v. Zurek, 168 F.3d 328, 331 (7th Cir. 1999). Subsection (c) does not provide direction as to how discretion should be exercised. The commentary states that an award is appropriate if the court finds that the removal was "improper." 28 U.S.C. § 1447 note (Commentary on the 1988 Revisions by David D. Siegel) (quoted in Katonah v. USAIR, Inc., 876 F. Supp. 984, 990 (N.D. Ill. 1995)). However, costs and fees may be ordered without a finding that the removal was in bad faith. Tenner, 169 F.3d at 329-30. This is so because § 1447(c) "is

3

not a sanctions rule; it is fee shifting statute, entitling the district court to make whole the victorious party."  Garbie v. DaimlerChrysler Corp., 211 F.3d 407, 410 (7th Cir. 2000).

Regarding fee-shifting rules, the Seventh Circuit has stated that the winner "is entitled to fees unless the opponent establishes that his position was 'substantially justified.'  This is the same formulation employed in the Equal Access to Justice Act . . . ." Rickels v. City of S. Bend, 33 F.3d 785, 787 (7th Cir. 1994).  Under this test, a court should award costs and fees if the position of the removing party was "'justified in substance or in the main'– that is, justified to a degree that could satisfy a reasonable person."  Pierce v. Underwood, 487 U.S. 552, 565 (1988).  The court "looks to whether a defendant had a good reason to remove the case, and thus to the merits of the removal . . . ."  Moore v. Permanente Med. Group, 981 F.2d 443, 447 (9th Cir. 1992).

In the instant case, Sentry had little hope of avoiding a remand.  Since the Seventh Circuit decided Thomas, I am aware of no decision in this circuit permitting a third-party defendant to remove an action.  And, as indicated, Sentry does not suggest that the facts of the present case are unusual.  Nor does it present a compelling explanation as to how I might escape from the Seventh Circuit's bar on third-party removal.  Therefore, removal was not substantially justified and Fox is entitled to reasonable attorneys' fees and costs incurred from the time that "the process of removal was undertaken and until and including the process of remand."  Tenner, 168 F.3d at 330.

For the foregoing reasons,

**IT IS ORDERED** that the case is **REMANDED** to Circuit Court of Milwaukee County.

4

**IT IS FURTHER ORDERED** that Sentry reimburse Fox for reasonable attorneys' fees and costs incurred in connection with removal.

Dated at Milwaukee, Wisconsin this 6 day of July, 2005.

/s_____
LYNN ADELMAN
District Judge